IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SOTO, | No. CIV S-09-1654-FCD-CMK-P |
| Plaintiff, | |
| vs. | AMENDED FINDINGS AND RECOMMENDATIONS |
| KOLB et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On August 7, 2009, the court issued findings and recommendations that plaintiff's application for leave to proceed in forma pauperis be denied. The court stated as follows:

> Section 1915(g) of Title 28 of the United States Code provides, in pertinent part:
>
> > In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

A review of the court's records shows Plaintiff has had at least three cases which were dismissed for failure to state a claim. These cases include: Soto v. California Department of Corrections, No. CIV S-06-1476-LKK- DAD, Soto v. California Department of Corrections, No. CIV S-07-1908-FCD-EFB, and Soto v. Jordan, No. CIV S-08-2687-GGH. (footnote omitted). Each of these cases were dismissed for Plaintiff's failure to state a claim, and thus each counts as a "strike" under § 1915(g). (footnote omitted).

Plaintiff's current complaint alleges the named defendants are refusing to send out his mail and threatening to interfere with his use of the law library. There is nothing in his complaint which would indicate he is in imminent danger of serious physical injury so as to qualify for the "imminent danger" exception. Therefore, the undersigned finds that the "imminent danger" exception to § 1915(g) does not apply in this case, Plaintiff is not entitled to leave to proceed in forma pauperis in this action and Plaintiff's application should be denied.

Plaintiff should be required to pay the full statutory filing fee of $350.00 before this action can proceed. In addition, should the court find that service of the complaint is appropriate, Plaintiff will be required to effect personal service on the defendants at his own expense. Plaintiff is advised that failure to pay the filing fees, or effect timely service if ordered to do so, may result in dismissal of the action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110.

Based on the foregoing, the undersigned recommends that Plaintiff's application for leave to proceed in forma pauperis be denied and he be required to pay the full statutory filing fee before proceeding in this action.

Upon further review, the court now concludes that this action should be dismissed without prejudice to re-filing the action upon pre-payment of the full filing fee at the time the action is re-filed. When in forma pauperis status is denied or revoked under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded

1 | that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes"
2 | provision.  See 169 F.3d 1176 (9th Cir. 1999).  Again, rather than providing the inmate appellant
3 | an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated
4 | that the appellant "may resume this appeal upon prepaying the filing fee."[1]
5 |       This conclusion is consistent with the conclusions reached in at least three other
6 | circuits.  In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status
7 | under § 1915(g) mandated dismissal.  See 284 F.3d 1234 (11th Cir. 2002).  The court specifically
8 | held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because
9 | "[h]e must pay the filing fee at the time he *initiates* the suit."  Id. at 1236 (emphasis in original).
10 | The Fifth and Sixth Circuits follow the same rule.  See Adepegba v. Hammons, 103 F.3d 383
11 | (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).
12 |       The court's August 7, 2009, findings and recommendations are hereby amended
13 | consistent with the foregoing.
14 | / / /
15 | / / /
16 | / / /
17 | / / /
18 | / / /
19 | / / /
20 | / / /
21 | / / /
22 | / / /

---

[1] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed.  Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed.  The Ninth Circuit did not address this problem.

3

1  Based on the foregoing, the undersigned recommends that:

2  1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) be
3  denied;

4  2. This action be dismissed without prejudice; and

5  3. The Clerk of the Court be directed to enter judgment and close this file.

6  These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
10 Findings and Recommendations."  Failure to file objections within the specified time may waive
11 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4